IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN D. GARRETT,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-3254 (JBS)<br><br>[Crim. No. 11-242 (JBS)]<br><br>**OPINION** |

APPEARANCES:

Alan D. Garret, Petitioner <u>pro</u> <u>se</u>
#63176050
Schuylkill
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 759
Minersville, PA 17954

Sara Aliya Aliabadi, Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY FOR THE DISTRICT OF NEW JERSEY
401 Market Street, 4th Floor
P.O. Box 2098
Camden, NJ 08101
    Attorney for Respondent

**SIMANDLE**, District Judge:

I.    **INTRODUCTION**

    Petitioner Alan D. Garrett ("Garrett") pled guilty to a one-count Indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on October 4, 2011. On January 26, 2012, the undersigned sentenced him to 77 months imprisonment, to be followed by 3 years of supervised release. Shortly after he

completed his initial term of imprisonment, Garrett violated the terms of his supervised release and was sentenced for that violation on December 12, 2016.[1] Garrett now seeks to vacate, set aside, or correct the sentence for violating supervised release imposed on December 12, 2016, pursuant to 28 U.S.C. § 2255. [Garrett v. United States, Civ. No. 17-3254 (D.N.J.) at Docket Item 1 (the "Motion").] Through various letters and a so-called "Amended Petition" [id. at Docket Item 34], Garrett also seeks to vacate, set aside, or correct the sentence for his initial conviction imposed on January 26, 2012. For the reasons explained below, the Court will deny Garrett's initial Motion challenging his 2016 sentence for violation of supervised release, while Garrett's "Amended Petition" and related filings challenging his 2012 conviction and sentence will be dismissed as an unauthorized second or successive petition under Section 2255(h).

**II. FACTUAL BACKGROUND AND PROCEDURAL BACKGROUND**

On October 4, 2011, Garrett pled guilty to a single count Indictment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). [United States v. Garrett, Crim. No. 11-242 (D.N.J.) at Docket Items 25 & 27.] The undersigned sentenced Garrett at the bottom of the advisory guidelines range to 77 months imprisonment, to be followed by 3 years of supervised

---

[1] After he finished serving this sentence, Garrett subsequently violated his supervised release two more times, as described below.

2

release, and entered the final Judgment of conviction on January 26, 2012 ("the January 26, 2012 Judgment"). [Id. at Docket Items 28 & 29.] Mr. Michael N. Huff, Esq. subsequently filed a notice of appeal on behalf of Garrett, United States v. Garrett, App. No. 12-1338 (3d Cir.), which the Third Circuit denied, United States v. Garrett, 507 F. App'x 139 (3d Cir. 2012), affirming the January 26, 2012 Judgment.

On January 2, 2013, Garrett timely filed a petition under 28 U.S.C. § 2255 challenging the January 26, 2012 Judgment on the basis that his 2012 sentence was invalid because, inter alia, the Court lacked jurisdiction, he was actually innocent, his counsel was ineffective, essential elements of the offense were missing, unlawfully obtained evidence was used, there were Speedy Trial Act violations, and he was entitled to a downward departure. [United States v. Garrett, Civ. No. 13-27 (D.N.J.) at Docket Item 1.] The undersigned denied this § 2255 petition because Garrett had waived his right to petition for § 2255 relief in his plea agreement and, in any event, none of his arguments had merit. Garrett v. United States, 2014 WL 1334213 (D.N.J. Apr. 2, 2014).

On May 9, 2016, Garrett began serving his term of supervised release. [Garrett, Crim. No. 11-242 (D.N.J.) at Docket Item 40.] A little more than one month later, Garrett was charged in state court with aggravated assault, possession of a weapon for unlawful purposes, and possession of a weapon by a convicted felon. [Id.]

3

Subsequently, those charges were dropped in exchange for Garrett pleading guilty to hindering apprehension. [Id.] The U.S. Probation Office petitioned for a violation of his supervised release because Garrett had "commit[ted] another federal, state, or local crime" while under supervision. [Id.] On November 22, 2016, Garrett's probation officer subsequently amended the petition, further clarifying the charge in Violation No. 1. [Id. at Docket Item 47.] A second amended petition was endorsed and filed November 23, 2016 [Docket Item 50], adding Violation No. 2, charging Garrett with violating supervised release by possession of a firearm in connection with the events of Violation No. 1.

Garrett, represented by counsel, pled not guilty to the second amended petition, and the Court convened the final hearing on December 8, 2016. [Docket Item 53.] The Government, represented by AUSA Aliabadi, dismissed Violation No. 2 and proceeded to offer evidence on Violation No. 1. (Tr. 12/8/16 [Docket Item 58] at 2-3.) The evidence showed that Garrett was convicted in New Jersey Superior Court of hindering his detention, apprehension, or investigation, in violation of N.J.S.A. § 2C:20-3b(1), on November 16, 2016, arising out of the charged incident on June 6, 2016, while under the supervision of this Court. Mr. Garrett spoke at the hearing, arguing that the Probation Office abused its discretion in charging what he considered a "technical violation" and that the condition of supervision (that "you shall not commit

4

another federal, state, or local crime") was impermissibly vague. The Court addressed and rejected these concerns, and found that the Government proved Garrett's guilt of Violation No. 1 of the second amended petition, in an oral opinion. (Tr. 12/8/16 at 16:12 to 20:18.) The undersigned then sentenced Garrett to a term of imprisonment of 12 months and 1 day, to be followed by a term of 23 months of supervised release, and entered Judgment against Garrett for violating his supervised release on December 12, 2016 ("the VOSR Judgment").[2] [Id. at Docket Item 54.]

---

[2] While not directly relevant to this challenge to his first violation of supervised release herein [Garrett, Civ. No. 17-3254 (D.N.J. at Docket Item 1], the Court notes that Garrett began serving his second term of supervised release on September 29, 2017. [Garrett, Crim. No. 11-242 (D.N.J.) at Docket Item 70.] About one month later, Garrett violated a special supervision condition and, again, his probation officer petitioned the undersigned for a violation of his supervised release. [Id.; see also id. at Docket Item 86.] On December 1, 2017, the undersigned entered Judgment against Garrett for violating his supervised release and sentenced him to a term of imprisonment of 4 months, to be followed 1 year of supervised release. [Id. at Docket Item 89.]

Garrett began his third term of supervised release on March 14, 2018, but was arrested the following day for possession of a controlled dangerous substance ("CDS"), possession of CDS/ marijuana over 50 grams, maintaining/operating CDS production, manufacture/distribution of CDS/heroin, manufacture/distribution of CDS, and possession with intent to distribute CDS. [Id. at Docket Item 106.] In an amended petition filed May 31, 2018, four violations were charged and after a final hearing the Court found him guilty of violation Nos. 1, 2 & 4 on November 15, 2018. [Id. Docket Item 119.] On November 16, 2018, the undersigned entered Judgment against Garrett for violating his supervised release and sentenced him to a term of 13 months imprisonment with no further supervision to follow. [Id. at Docket Item 120.]

5

Garrett timely filed a notice of appeal of the VOSR Judgment. [Id. at Docket Item 55.] In that appeal, Garrett argued to the Third Circuit, inter alia, that: (1) under New Jersey law, hindering apprehension is a disorderly persons offense and not a crime; (2) the terms of Garrett's supervised release were vague; (3) the probation officer abused her discretion because Garrett did not intentionally breach the officer's trust and that Garrett "act[ed] with proper care and caution;" and (4) that the resulting one-year-and-one-day sentence imposed by the District Court was unreasonable. [United States v. Garrett, App. No. 16-4320 (3d Cir.), Documents filed by Garrett dated May 5, 2017 and May 22, 2017.] On June 19, 2018, the Third Circuit addressed each of Garrett's arguments, denied his appeal on the merits, and affirmed the VOSR Judgment that Garrett now challenges. United States v. Garrett, 737 F. App'x 643 (3d Cir. 2018).

On May 8, 2017, Garrett filed the present Motion pursuant to 28 U.S.C. § 2255. [Garrett, Civ. No. 17-3254 (D.N.J.) at Docket Item 1.] This § 2255 motion challenges his conviction and confinement for violation of supervised release imposed on December 12, 2016 (i.e., the VOSR Judgment), arguing that the Court failed to grant a downward departure for time served from June 23, 2016 to November 16, 2016 under U.S.S.G. § 5K2.23. [Id. at 3-4.] Garrett also objected to the condition imposed upon his future supervised release requiring drug and alcohol testing. [Id. at 4.]

6

On November 21, 2017, the Court alerted Garrett of his rights under United States v. Miller, 197 F.3d 644 (3d Cir. 1999), notified Garrett that he may have his pleading ruled upon as filed or "withdraw his pleading and file an all inclusive Section 2255 Petition including any and all potential claims, subject to the one (1) year period described by the Antiterrorism Effective Death Penalty Act [AEDPA] in 28 U.S.C. § 2255," and instructed Garret that he had "**forty-five (45)** days from today's date within which to advise the Court as to your decision. If you fail to notify the Court, your pleading and motion will be ruled upon as filed." [Garrett, Civ. No. 17-3254 (D.N.J.) at Docket Item 9] (emphasis in original). The deadline for Miller amendments thus expired on January 5, 2018. Garrett subsequently filed several letters on the docket [see, e.g., id. at Docket Items 11, 16, 17, 20, 21 & 31], challenging the validity of the initial January 26, 2012 Judgment (as opposed to the VOSR Judgment at issue in the Motion), which the Court construes as support for a separate Section 2255 challenge, as discussed below.

On July 20, 2018, the Court ordered the Government to file an Answer within 45 days "which responds to the allegations of the Motion by each paragraph and subparagraph" and "accompanied by certified copies of all indictments and/or charges, transcripts, trial briefs, appendices, opinions, and any and all related documents in the proceedings." [Id. at Docket Item 33.]

7

A week later, on July 27, 2018, without seeking leave of Court, Garrett filed a so-called "Amended Petition" pursuant to 28 U.S.C. § 2255(h)(2). [Id. at Docket Item 34.] In this unauthorized "Amended Petition," Garrett cites Johnson v. United States, 135 S.Ct. 2551 (2015) and Mathis v. United States, 136 S.Ct. 2243 (2016), and argues, inter alia, that his prior conviction for burglary, which served as a basis for the underlying felon-in-possession conviction to which Garrett pled guilty in October 2011, no longer qualifies as a "crime of violence" under the residual clause of U.S.S.G. § 2K2.1(a)(2). Therefore, Garrett argues his base offense level for his January 26, 2012 sentence should be 12 instead of 24. He further asserts his counsel was ineffective for failing to object to the heightened base offense level at the time of sentencing.

After the Court granted the United States several extensions of time to respond to the Motion [Garrett, Civ. No. 17-3254 (D.N.J.) at Docket Items 36 & 40], the Government filed an opposition brief. [Id. at Docket Item 41.] Garrett has filed a Reply to the Government's opposition brief [id. at Docket Item 43], and several letters demanding adjudication. [Id. at Docket Items 44, 46 & 49.]

## III. DISCUSSION

Garrett's Motion challenges the VOSR Judgment imposed on December 12, 2016. Since the unauthorized "Amended Petition" was

8

filed without leave of Court more than 45 days after the Miller Order and because it challenges the January 26, 2012 Judgment (rather than the VOSR Judgment at issue in the Motion), the "Amended Petition" and letters Garrett filed in support thereof must be treated as a separate Section 2255 challenge. See 28 U.S.C. § 2255 Rule 2(d) ("A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment."). Accordingly, the Court will first consider the initial Motion addressing Garrett's challenge to his sentence for violating the conditions of his supervised imposed on December 12, 2016, before turning to the "Amended Petition" and related filings challenging the underlying conviction of January 26, 2012.

To the Court's dismay, the Government's brief fails to mention anywhere Garrett's previously-filed § 2255 petition regarding his 2012 Judgment, which as discussed was decided in 2014 and deprives this Court of jurisdiction over the "Amended Petition" and related filings. Nor does the Government's brief include most of the relevant procedural history, including Garrett's 2016 conviction for violating supervised release that is the subject of Garrett's initial Motion, and its affirmance on appeal. In fact, the Government's brief fails to address any of the arguments raised by Garrett in the initial Motion and responds only to the arguments raised in Garrett's unauthorized "Amended Petition." The "Amended Petition" that the Government addresses was not even filed until

July 27, 2018, and did not exist when the Court entered its Order requiring an Answer to the original petition on July 20, 2018. Therefore, the operative Motion in this § 2255 petition concerns itself with the challenge raised to Garrett's sentencing for violation of supervised release on December 12, 2016, and the grounds raised consist only of those raised in the original motion of May 8, 2017 and any amendment timely submitted under Miller on or before January 5, 2018. **None** of this has been addressed by the Government for reasons that cannot be explained, especially in light of the fact that AUSA Aliabadi presented the Government's case at the VOSR hearing on December 8, 2016 that is now under review. Notwithstanding the Government's plainly-deficient brief, the Court decides both the Motion and so-called "Amended Petition" at this time, without requesting further briefing from the Government, to ensure that these matters are timely-resolved.[3]

### A. The Motion [Docket Item 1]

"It has been held by the Court of Appeals for the Third Circuit that a section 2255 motion generally 'may not [be] employed to relitigate questions which were raised and considered on direct appeal.'" Ciocan v. United States, 2010 WL 1068228, at *3 n.2 (W.D. Pa. Mar. 18, 2010) (quoting United States v.

---

[3] The existing Court record, coupled with Garrett's initial petition and relevant amendments, is more than sufficient to adjudicate his initial § 2255 Motion attacking his VOSR conviction and sentence.

DeRewal, 10 F.3d 100, 105 (3d Cir. 1993); see also White v. United States, 371 F.3d 900, 901-03 (7th Cir. 2004) (holding that a § 2255 petitioner is not permitted to "relitigate in a collateral proceeding an issue that was decided on his direct appeal"). Similarly, the doctrines of collateral estoppel and res judicata generally preclude any party from relitigating issues or claims that have been adjudicated by a court of competent jurisdiction. See Montana v. United States, 440 U.S. 147, 153-54 (1979).

The arguments Garrett advances in the Motion were considered and rejected by the Third Circuit in Garrett, App. No. 16-4320 (3d Cir.). Indeed, the Motion is virtually identical to a document Garrett filed in support of that appeal on May 5, 2017, labeled "Supplemental Petition under 2255(h)(2)." [Compare id. at Docket Item 1, with Garrett, App. No. 16-4320 (3d Cir.), Document filed by Garrett dated May 5, 2017.] The Third Circuit has denied Garrett's appeal and affirmed the VOSR Judgment. Garrett, 737 F. App'x at 646-48. Garrett has raised no new issues in the Motion with respect to that 2016 Judgment. Accordingly, the Motion will be denied.

**B. The "Amended Petition" [Docket Item 34] and Related Filings**

As in all matters, this Court must first determine whether it has jurisdiction to address the "Amended Petition" under § 2255 attacking the 2012 Judgment of conviction. As described above,

11

Garrett untimely filed the so-called "Amended Petition" seeking to vacate, set aside, or correct the initial January 26, 2012 Judgment pursuant to 28 U.S.C. § 2255(h)(2). [Garrett, Civ. No. 17-3254 (D.N.J.) at Docket Item 34.] He also filed several letters [see, e.g., id. at Docket Items 3, 11, 16, 17, 20, 21 & 31], which the Court considers as additional support for Garrett's § 2255 petition to vacate, set aside, or correct the January 26, 2012 Judgment. In these filings, which the Court construes liberally in light of Garrett's pro se status, Garrett essentially argues that Johnson and/or Mathis sets forth a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, and that this new rule supports vacating, setting aside, or correcting the January 26, 2012 Judgment. The Court lacks jurisdiction to consider such a claim, which is a second or successive § 2255 petition, as now explained.

Through the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress imposed a stringent gatekeeping provision which limited a prisoner's ability to file "second" or "successive" § 2255 habeas petitions. See 28 U.S.C. §§ 2244(a), 2255(h). That is, before a second or successive § 2255 petition can be heard by the sentencing court, the petition must be certified by the Court of Appeals as containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

12

>     evidence that no reasonable factfinder would have
>     found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive
>     to cases on collateral review by the Supreme Court,
>     that was previously unavailable.

28 U.S.C. § 2255(h). In other words, before a second or successive § 2255 motion may be filed in the district court, the applicant must move in the appropriate court of appeals, here the Third Circuit, for an order authorizing the district court to consider the motion.

With respect to the January 26, 2012 Judgment, Garrett filed a first § 2255 petition on January 2, 2013, Garrett, Civ. No. 13-27 (D.N.J.), which the undersigned denied on the merits, Garrett, 2014 WL 1334213 (D.N.J. Apr. 2, 2014). Because the Amended Petition and related filings seek to vacate, set aside, or correct that same Judgment pursuant to § 2255, Garrett's petition (his so-called "Amended Petition") is second or successive. Garrett requested,[4] but has not yet received, permission from the Third

---

[4] Garrett claims he received permission from the Third Circuit to file a Johnson petition in the district court under 28 U.S.C. 2255(h)(2) in Garrett, App. No. 16-4320 (3d Cir.). [Garrett, Civ. No. 17-3254 (D.N.J.) at Docket Item 48.] This claim is demonstrably false. As noted above, in that appeal, the Third Circuit simply denied Garrett's direct appeal and affirmed the VOSR Judgment. Garrett, 737 F. App'x 643 (3d Cir. 2018). Garrett, whether pro se or not, should stop making misrepresentations to the Court.

In fact, on February 6, 2018, Garrett filed an application with the Third Circuit for leave to file a second or successive petition pursuant to 28 U.S.C. 2244(b). In re Alan D. Garrett, App. No. 18-1202 (3d Cir.). On July 19, 2018, however, Garrett filed a letter

13

Circuit to file such a petition with respect to the January 26, 2012. Therefore, the Court lacks jurisdiction to consider Garrett's claims. See 28 U.S.C. §§ 2244(b)(3)(A), 2255(h).

If a second or successive petition is filed in the district court without an order from the appropriate court of appeals, the district court may dismiss for want of jurisdiction or "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

In this case, the Court does not find that it is in the interest of justice to transfer Garrett's "Amended Petition" to the Third Circuit because his successive § 2255 petition is in any

---

in that case asking the Third Circuit to close the docket, and the case was subsequently dismissed pursuant to Fed. R. App. P. 42(b). Id.

The Court additionally notes that Garrett filed a petition for writ of mandamus in the Third Circuit on July 6, 2018. In re Garrett, Ap. No. 18-2516 (3d Cir.). That case was dismissed by the Third Circuit on August 30, 2018, due to Garrett's failure to comply with Fed. R. App. P. 21.

14

event untimely. In the "Amended Petition," Garrett argues that his sentence should be vacated, corrected, or set aside under Johnson and/or Mathis. Under 28 U.S.C. § 2255(f)(3), the one-year statute of limitations runs "from the latest of . . . [t]he date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, the Supreme Court has recognized that § 2255(f)(3)'s limitation period runs from the date the Supreme Court recognizes the new right, not the date the new right is made retroactive. See Dodd v. United States, 545 U.S. 353, 357-58 (2005). Thus, the statute of limitations ran on Garrett's Johnson argument on June 25, 2016, and he untimely filed his § 2255 petition (in the form of the "Amended Petition") on July 27, 2018. Moreover, "[t]he Supreme Court has never held that Mathis . . . appl[ies] retroactively to cases on collateral review, nor do any combination of Supreme Court precedents dictate the retroactivity of [that case]." United States v. Peppers, 899 F.3d 211, 229 (3d Cir. 2018). As such, Garrett does not appear able to meet the standard under § 2255(h) for bringing a second or successive petition, and thus the interests of justice do not warrant transfer of this case to the Third Circuit to consider whether such authorization would be granted. This decision not to transfer the petition in no way precludes Garrett from seeking permission from the Third Circuit himself pursuant to §§ 2244(b) and 2255(h)(2), should he so choose.

## C. Certificate of Appealability

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The United States Supreme Court held in Slack v. McDaniel that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that denial of the Motion or dismissal of the "Amended Petition" and related filings is correct.

16

**IV. CONCLUSION**

For the foregoing reasons Garrett's Motion challenging his 2016 VOSR conviction will be denied and the "Amended Petition" and related filings challenging his 2012 conviction will be dismissed for lack of jurisdiction. An accompanying Order will be entered.


**May 6, 2019**                           **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                          U.S. District Judge